# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

David K. Horsley,

    Plaintiff,

v.

Vicki Harper, *et al.*,

    Defendants.

Case No. 2:19-cv-33

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

David K. Horsley ("Plaintiff") initiated this case on January 4, 2019, and moved to proceed *in forma pauperis*. Mot., ECF No. 1. United States Magistrate Judge Jolson then issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion. R&R 2, ECF No. 2. According to the R&R, Plaintiff's application explained that he "receives $1,127.00 per month from a Veterans Disability Pension," he has $200.00 in liquid assets, and regular monthly expenses including housing, food, transportation, and insurance totaling $700. *Id.* at 1–2. Magistrate Judge Jolson, therefore, found that "[b]ased on the information Plaintiff provided in his application, it appears that he has access to sufficient assets such that paying the one-time filing fee of $400.00 would not impose an undue hardship upon him." *Id.* That is, "paying the filing fee would not cause Plaintiff to deprive himself of the necessities of life." *Id.* at 2. Plaintiff objects to the R&R. Obj., ECF No. 4.

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any

part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff makes several objections. First, he argues that "this ruling pertains to the due process rights guaranteed by the 5th and 14th Amendments" and, therefore, "it is subject to substantive due process." Obj. 1, ECF No. 4. Plaintiff argues that the "necessities of life" test is overbroad and could lead to the unequal application of justice. Plaintiff does not provide legal support for this argument. The objection is overruled. The legal standard has been applied for decades, at least since *Adkins v. E.I. DuPont de Nemours & Co*, 335 U.S. 331, 339 (1948), and judges are capable of properly applying the standard without violating plaintiffs' due process rights.

Plaintiff next objects that his disability pension is, by definition, what Congress has determined to be sufficient to cover Plaintiff's "necessities of life." Obj. 2, ECF No. 4. However, Congress has not defined the amount of the disability pension payment to be equal to the amount required to meet the "necessities of life." Whether the disability pension payment is equal to, greater than, or less than the amount required to cover the "necessities of life" in a particular case will vary depending on many factors including where an individual lives and what other financial support he receives. Plaintiff's second objection is overruled.

Plaintiff also arguably objects by stating that he did not list all of his expenses in his application to proceed *in forma pauperis*, including his cell phone bill, transportation costs, storage fees, and another small loan. *Id.* at 2. Plaintiff also

states that he may or may not actually have the $200 he listed as savings. *Id.* at 2–3. Plaintiff does not provide additional information on the amount of these expenses, and none of them were included in the signed application. Therefore, Magistrate Judge Jolson did not err by failing to consider these expenses. The application provides the basis for the Court's consideration of Plaintiff's motion to proceed *in forma pauperis*, and it lists monthly expenses to cover the necessities of life of $700.00 and monthly income of $1,127.00. This demonstrates Plaintiff's ability to pay the filing fee. This objection is overruled.

Accordingly, Plaintiff's objections, ECF No. 4, are **OVERRULED**; the R&R, ECF No. 2, is **ADOPTED**, and Plaintiff's motion for leave to appear *in forma pauperis*, ECF No. 1, is **DENIED WITHOUT PREJUDICE**. Plaintiff shall pay the full filing fee or submit a new affidavit and motion for leave to appear *in forma pauperis* within thirty days. If Plaintiff does neither, this case will be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT